Virginia **L. MODES, Appellant,**

v.

**William F. MODES, Jr., Respondent.**

**No. 24274.**

Kansas City Court of Appeals.

Missouri.

April 4, 1966.

Arthur H. Stoup, Kansas City, for appellant.

William B. Waters, Liberty, for respondent, Hale, Coleberd, Kincaid & Waters, Liberty, of counsel.

HOWARD, Judge.

This is a suit for divorce. The parties were married in 1959 and separated in June 1964. Each party had been married

previously. The defendant husband had two children by a previous marriage; the plaintiff wife had no children prior to this marriage. One child was born of this marriage, who was slightly over three years old at the time of the trial.

Petition for divorce was filed by the wife and cross-petition for divorce was filed by the husband. After a trial in which voluminous testimony was given by both parties, the trial court granted a divorce to the husband on his cross-petition, granted the wife custody of the minor son of the parties, and awarded $250.00 per month child support. The parties will be referred to as they appeared below.

The sole allegation of error contained in plaintiff's brief on appeal is that "The judgment of the trial court is against the evidence and the greater weight of the credible evidence in this case". We are met at the outset with defendant's motion to dismiss the appeal because this point is not sufficient under Civil Rule 83.05(e), V.A.M.R., to preserve anything for review and because plaintiff's statement of facts does not comply with the requirements of Civil Rule 83.05(c) for failure to provide a concise statement of the facts relevant to the question presented for determination.

The statement of facts does leave something to be desired, but we do not believe that in this case it is so erroneous and deficient as to justify a dismissal of the appeal. As to the assignment of error in the point quoted above, it does advise the court that plaintiff contends that the evidence was insufficient to support the judgment. Therefore, while this point may not be technically sufficient, it does not result in any added burden to the court, because from the very nature of things, when the question of the sufficiency of the evidence is raised, the court must, itself, carefully study the transcript as a whole. For these reasons, we will not dismiss the appeal, but will consider the matter on its merits.

In this case tried to the court without a jury it is our duty to review the whole record and reach our own conclusions, both on the facts and the law. However, there was a direct conflict between the testimony of the husband and wife on each and every point in issue. Thus the decision of this case depends almost entirely on a determination of the credibility of the witnesses. Under such circumstances we give due deference to the conclusions of the trial judge who saw and heard these witnesses. Unless we can conclude from the record alone that the trial court erred in his conclusions as to credibility, we must affirm the judgment. This, of course, presupposes that the evidence, which was apparently believed by the trial court, is sufficient to sustain the judgment. Among the many cases setting forth the foregoing rule, see Grant v. Grant, Mo.App., 324 S.W.2d 382; Elgin v. Elgin, Mo.App., 301 S.W.2d 869; Thomas v. Thomas, Mo.App., 288 S.W.2d 689 and Noll v. Noll, Mo.App., 277 S.W.2d 853.

The testimony of the plaintiff wife, if believed, would reveal a course of physical abuse on the part of the husband amply sufficient to justify a divorce.

On the other hand, defendant husband denied such physical abuse and his testimony, if believed, would show that the wife was possessed of a violent temper, which she did not control, that she continuously cursed defendant and his two children by his previous marriage and subjected all three to physical abuse; that she made life so miserable for defendant's children that they both left home; that she was unreasonably extravagant, and that on one occasion she left the home with the infant child of the parties and was absent for a week without advising defendant where she was. Such evidence would amply justify and support the decree entered by the court in this case.

Plaintiff's testimony was corroborated in one instance by a maid and in another in-

stance by a friend of plaintiff. Defendant's testimony was corroborated by his two children and as to one incident by a teenage friend of defendant's son. It is apparent that the trial court believed the testimony of the defendant husband and his witnesses and did not believe the testimony of the plaintiff wife and her witnesses. From a reading of the record, we can not say that the court erred in this judgment as to the credibility of the witnesses. The issue of credibility as revealed by this transcript of over 300 pages of testimony presents a conflict which, in our opinion, can only be resolved by an assessment of the testimony of each witness and particularly the testimony of the husband and the wife, based on their demeanor on the stand, and willingness to testify without hesitation or evasion. The trial judge is the only one who has the advantage of evaluating these factors and we can not say that he erred.

One incident may serve as an example. Plaintiff testified that on one evening her husband and his daughter were sitting at the kitchen table. She asked them to take their coffee into the living room. The daughter refused in a "smart-alecky" fashion and plaintiff slapped her. Defendant said to the daughter, "Let's get her", and the two of them proceeded to beat plaintiff, pushing her into the cabinets, and around the room. The wife and the daughter fell to the floor with the daughter holding the wife, and sometime in the scuffle the defendant deliberately stepped on her foot repeatedly and broke three of her toes.

Defendant's testimony was that after the wife slapped the daughter, the daughter grabbed the wife's arm to restrain her and the two slipped and fell to the floor, that when he separated them and they got to their feet, the wife struck the daughter with her fists; he grabbed her arms to restrain her and she attempted to kick the daughter, missed, and instead kicked a heavy wooden chair thus breaking her toes.

In these circumstances a detailed preservation of the evidence for publication in this opinion is not required. Suffice it to say that we have very carefully reviewed the evidence and as heretofore indicated have found that the evidence on behalf of the defendant is sufficient to support the judgment rendered by the trial court. The case turns entirely on the matter of credibility. In making his determination the trial judge had the opportunity to observe the witnesses and the transcript does not furnish us with any basis for disturbing his decision.

The judgment of the trial court is accordingly affirmed.

All concur.